UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL R. McCREARY, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-30062-KAR |
| ) | |
| DEPARTMENT OF TRANSITIONAL ) | |
| ASSISTANCE, ) | |
| ) | |
| Defendant. ) | |

ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND FOR DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

ROBERTSON, U.S.M.J.

I.      INTRODUCTION

On April 27, 2018, Plaintiff Michael R. McCreary, Sr., a resident of Springfield Massachusetts and proceeding *pro se*, filed a document titled "An Appeal Regarding the Wrongful Termination of State Supplemental Program Benefits."  This action was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges and the Clerk docketed the appeal document as Plaintiff's complaint against the Massachusetts Department of Transitional Assistance.  With the complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*.

II.     RELEVANT BACKGROUND

McCreary states that he was a recipient of disability benefits through the Department of Transitional Assistance ("DTA") State Supplemental Program based upon his medical disability.  *See* Complaint ("Compl.").  McCreary seeks to contest the decision that disqualified him from

receiving disability benefits. *Id.* McCreary states that he participated by telephone in an administrative hearing conducted by Mr. Renaud. *Id.* McCreary complains that Miss Aldrige, a DTA representative, twice stated that she could not understand McCreary, a self-described "African American male from Mississippi." McCreary complains that the administrative hearing "should have been stopped and rescheduled as she twice admitted she could not understand [McCreary]." *Id.* at p. 2.

McCreary states that in early April 2018, he received a decision dated March 29, 2018 terminating his benefits. McCreary indicates that the letter informed him of his appeal rights, but that the decision is invalid because the letter lacked a signature. P. 3. McCreary argues that he is entitled to receive the full amount of the terminated benefits and that the appeal should be granted in his favor. The Court notes that the District Court for the Commonwealth of Massachusetts is listed above the case caption of the complaint.

### III.  DISCUSSION

#### a.  The motion for leave to proceed *in forma pauperis*

Upon review of Plaintiff's financial disclosures, the court finds that he is without sufficient funds to pay the filing fee for this action. Accordingly, the court recommends granting Plaintiff's motion for leave to proceed *in forma pauperis*.

#### b.  The court lacks subject matter jurisdiction

For purposes of preliminary review, the court liberally construes Plaintiff's complaint because he is self-represented. *See Rodi v. Southern New England Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004) (citing *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000)). Even allowing for a liberal construction of the complaint, the court recommends, for the reasons set forth below, that it be dismissed for lack of subject matter jurisdiction.

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts "must satisfy themselves that subject-matter jurisdiction has been established." *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir.2005). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," a dismissal *sua sponte* is appropriate. *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 23, (1st Cir. 2014) (citations and internal quotation marks omitted).

It is clear that this federal court does not have subject matter jurisdiction over McCreary's appeal. McCreary appears to have erroneously filed his appeal in this federal court, rather than state court. McCreary titles his pleading as an "appeal" and lists the Commonwealth of Massachusetts above the case caption. Under Massachusetts law, if an appellant is dissatisfied with the final decision of the hearing officer concerning his eligibility for benefits, he has the right to seek judicial review of a DTA decision under the provisions of Massachusetts General Laws ch. 30A. *See* 106 C.M.R. § 343.720; Mass. Gen. Laws ch. 30A, § 14.

Under the applicable state law, McCreary should have sought judicial review in the Superior Court in the county where he resides within 30 days after receipt of the March 29, 2018 fair hearing decision. This court expresses no opinion whether the doctrine of equitable tolling or the savings clause provision under Mass. Gen. Laws ch. 260, § 32 would apply to any subsequent action commenced by McCreary in the Hampden Superior Court.

IV.    CONCLUSION

For the reasons set forth above, it is hereby Ordered that:

1.    This action shall be REASSIGNED to a District Judge.

2.    This Court RECOMMENDS to the District Judge to whom this case is assigned that Plaintiff's motion for leave to proceed *in forma pauperis* be granted.

3.    This Court further RECOMMENDS that this action be dismissed without prejudice for lack of subject matter jurisdiction.[1]

/s Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED: July 16, 2018

---

[1] The parties are advised that under the provisions of Fed.R.Civ.P. 72(b) or Fed.R.Crim.P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 604 (1st Cir.1980). *See also Thomas v. Arn*, 474 U.S. 140, 154–55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.